*G. W. Stone, for appellants.*

---

WM. TURNER, SR., ET AL. *v.* THOMAS SEWELL, ET AL.

[Abstract Kentucky Law Reporter, Vol. 5—689.]

**Fraudulent Conveyance.**

An absolute conveyance of land by the father to his children without any consideration will be deemed fraudulent as to the father's creditors.

APPEAL FROM HARLAN CIRCUIT COURT.

February 26, 1884.

OPINION BY JUDGE PRYOR:

It would be difficult to make out a stronger case of a manifest purpose to hinder and delay creditors than is presented by the facts of this record. If the conveyance had been in trust for creditors there would be no necessity for this controversy, but such was not the purpose of the grantor. On the 24th and 25th of May, 1875, he conveyed to his children over two thousand acres of land for the consideration of $7,000 in hand paid, making absolute deeds, when not one dollar had been paid except a small indebtedness alleged to have existed on the part of the father to his children. About the last of May he made other conveyances to his children of several other tracts of land for the consideration of $3,000 or $4,000, acknowledging the receipt of the purchase-money. Besides he had executed mortgages on other lands to various creditors, and when

making these conveyances to the children the grantor was greatly involved in debt.

His children had no property and were without means to enter into such transactions. The entire consideration to be paid and acknowledged to have been paid by them exceeded $11,000, when they owned no estate or at least property of but little value, and are now basing their defense on the idea that the real consideration was that they (the children) were to pay the debts of their father, and undertook to show and do show the payment of debts amounting to several thousand dollars in the sale of land, etc. The agreement to pay the debts of the father may have been the real consideration, and still the conveyances were fraudulent in fact both as to the father and his children as to antecedent creditors. The appellants may have offered to pay the appellees in land after the conveyances were made, and still the conveyances made were subject to be canceled at the suit of creditors.

The children of the grantor had been vested with the title to six or eight thousand acres of land free from any incumbrance or lien for the purchase-money, when not one dollar had been paid and the vendees were without the means of paying, and holding the land as they now insist in secret trust to pay their father's debts and for no other consideration. This can not be regarded as constructively fraudulent, so as to protect the rights of the children who were the vendees. They are in no better condition than the father, and as much liable as if they had been strangers in blood. The sons may have believed that they could sell the land and pay the debts, and still they were placed in a condition where they could have sold their entire estate to innocent purchasers and pocketed the money. An absolute conveyance by the father to his children without any consideration must be deemed fraudulent. Not only did the grantor do so but he transferred to his children his personal property, including his notes and accounts, thus disposing of his entire estate except a few small tracts of land that had been mortgaged to others. If the purpose was to protect creditors or the real consideration was the payment of debts it should have been so expressed in the deed, and if even expressed in the deed if the purpose was to hinder and delay creditors (and not an assignment for creditors), as this evidently was, the chancellor would disregard the conveyance.

The judgment in our opinion was correct and must be *affirmed* on the original and cross-appeal.

*Wm. Lindsay, for appellants.*

*John L. Scott, for appellees.*